Merrimack
No. 82-246

RONALD L. SNOW, JR.

v.

NEW HAMPSHIRE INTERSCHOLASTIC ATHLETIC ASSOCIATION, INC.

August 6, 1982

*Orr & Reno P.A.*, of Concord (*William L. Chapman*), for the plaintiff.

*Gallagher, Callahan & Gartrell P.A.*, of Concord (*Michael R. Callahan* and *Steven J. McAuliffe*) for the defendant.

PER CURIAM. This is an appeal by the defendant association from an order of the Superior Court (*Cann*, J.) permitting the plaintiff to run in a track meet. It calls upon us to define the limits of our holding in *Duffley v. New Hampshire Interschol. Ath. Assoc., Inc.*, 122 N.H. 484, 446 A.2d 462 (1982).

The plaintiff's offer of proof below, to which there was no counteroffer, was that he was fouled during the 800-meter event at a Class L track meet held on May 29, 1982. The plaintiff represented that he was in first or second place during most of the race, until he was cut off and brushed by another competitor. Plaintiff alleges that as a result of this incident he finished in seventh place and failed to qualify for the "Meet of Champions" track meet held on June 5, 1982, in which only the top five finishers in the May 29 meet could compete. When the 800-meter race was over, the plaintiff and his coach protested the foul and asked the meet director for a ruling. Because no track judge or official was located near the spot where the alleged infraction took place, the meet director could not determine whether an infraction had occurred. After the event, however, the meet director wrote a letter to the chairman of the New Hampshire Interscholastic Athletic Association, Inc. (NHIAA) track committee that stated:

> "We have a controversy in the 800. Ron Snow may have been fouled, and I am not opposed to him running next week, in fact I think he should be allowed to do so."

The NHIAA, however, refused to allow the plaintiff to participate in the "Meet of Champions." The plaintiff then filed suit in the superior court seeking an injunction preventing the NHIAA from refusing to allow him to participate in the "Meet of Champions." He did not request any preference in seeding, heat, or starting position.

The trial court granted the plaintiff's petition and ordered the NHIAA to allow him to participate in the "Meet of Champions" 800-meter event without any preference as to seed, heat, or starting position. The trial court rejected the NHIAA's motion to dismiss the action, stating that:

> "Defendant's oral motion to dismiss is based on the argument that the *Duffley* decision does not apply once a student athlete actually participates in a sport; however, this argument misses the mark when it denies that same athlete his same due process right for continued participation in that same sport, as here, participation in a further meet upon which '. . . a student's ability to attend college and further his education may, in many instances, hinge. . . .' *Duffley v. NHIAA*. . . . Accordingly, it is found

that plaintiff was denied his due process rights of notice, hearing and findings."

The NHIAA appealed to this court and following a telephone conference call between the court and counsel for both parties on June 5 (a procedure that we would not permit in the future except in important and exigent circumstances), the morning after the trial court's decision and the day of the race, we vacated the order below.

◼ The trial court's reliance upon *Duffley* was misplaced. *Duffley* involved rules affecting, and procedures attending, the determination of a high school student's eligibility to participate in interscholastic athletics. In addition, in that case, the NHIAA, shortly before a hearing on the merits was to be held in the superior court, changed the grounds it had supposedly relied on in denying the plaintiff eligibility to participate in athletic competition. *Duffley* cannot be interpreted as subjecting to judicial scrutiny every umpire's call or referee's decision in a competitive event. The role of the courts in this area is exceedingly limited and we did not intend in *Duffley* to merge the stadium bench and judicial bench.

◼ We find no irregularities in the procedures followed by the NHIAA in this matter.

> *Order vacated; appeal dismissed.*

BATCHELDER, J., concurred.

BATCHELDER, J., concurring: I concur specially in the majority's result only, reasoning as I did in my dissent in *Duffley v. N.H. Interschol. Ath. Assoc., Inc.*, 122 N.H. 484, 494, 446 A.2d 462, 468 (1982), that such matters are not properly before the courts.